IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE SHELTON, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 7:22cv00699 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID ANDERSON, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

| | | |
|---|---|---|
| TYRONE SHELTON, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 7:22cv00700 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| C. KING, | ) |     United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| TYRONE SHELTON, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 7:22cv00701 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TRACY MATHENA, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**ORDER**

    Plaintiff Tyrone Shelton, a Virginia prisoner proceeding *pro se*, filed a civil rights action containing multiple claims against multiple defendants that were not properly joined. Accordingly, this court severed his claims into five cases, resulting in the creation of four new cases, including the three cases listed above. (*See, e.g.*, Case No. 7:22cv00699, Dkt. No. 1–2.) Shelton has now filed a similar motion in each of the three cases, which he has titled nearly identically in each case as a "Motion Requiring [Defendants'] Counsel of the Record to Honor

the Previous Filed Notice of Appearance and Waiver of Service and Summons."[1] (*See, e.g.*, Case No. 7:22cv00699, Dkt. No. 17.)  In these motions, he complains that counsel who represented the defendants in the original case (7:22cv00289) has not automatically entered an appearance on behalf of the same defendants in the new case.  (*See generally id.*)

At least some of the defendants in each case have filed a response in opposition to Shelton's motions.  For example, in the -699 case, Dr. Mathena—who is represented separately—has already filed a new waiver in the new case and opposes the motion.  To the extent Shelton is arguing that counsel for the other defendants should be required to enter their appearance, those defendants who are represented by the Office of the Attorney General ("OAG") also filed a response in opposition.  As noted in that response, OAG counsel in the original case (No. 7:22cv00289) appeared on behalf of defendants Richardson, Waller, Davis, and Mathena in that case.  Defendants' counsel did not waive service on their behalf in the -699 case, however, because none were employed by the Virginia Department of Corrections.  Nonetheless, the Clerk has sent waivers to those individuals and they may ultimately enter into an agreement with the same counsel to represent them in this case.

Shelton points to no authority for the proposition that the court could or should order, in a new case, counsel who previously represented a defendant to represent them again or to waive service on their behalf.  The court does not determine which attorneys will represent which civil litigants.  The fact that counsel represented a defendant in one case mean that the same counsel will be asked to—and agree to—represent a defendant in a different case.  Furthermore, the fact that a defendant elected to waive service in one case does not mean he is required to do so in any

---

[1] The language "and Summons" appears only in the -699 case, and the defendant's name listed in each motion is different.

other case. In short, there has been no impropriety in the way counsel has handled waivers or appearances in any of these cases, and Shelton is not entitled to the relief he seeks.

Furthermore, to the extent that the relief Shelton seeks can be properly characterized, it is essentially a motion for preliminary injunction. He has not satisfied, however, any of the four requirements set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008), which he must do to obtain such relief. Further, the injunctive relief he seeks is unrelated to the injury claimed in his various complaints. Thus, he fails to establish the required relationship between the relief sought in his motion and the relief sought in his lawsuit. *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

For all of the foregoing reasons, Shelton's motions in each case must be denied. It is therefore ORDERED that:

1. Shelton's motion in 7:22-cv-00699 (Dkt. No. 17) is DENIED;

2. Shelton's motion in 7:22-cv-00700 (Dkt. No. 16) is DENIED; and

3. Shelton's motion in 7:22-cv-00701 (Dkt. No. 18) is DENIED.

The Clerk is DIRECTED to provide a copy of this order to the parties.

Entered: March 7, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge