IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>B. L. TOWLER, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:22cv00289<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>DAVID ANDERSON, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:22cv00699<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>C. KING,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:22cv00700<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>TRACY MATHENA, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:22cv00701<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Tyrone Shelton, a Virginia prisoner proceeding *pro se*, filed a civil rights action

containing multiple claims against multiple defendants. *Shelton v. Towler*, 7:22-cv-00289.

Finding that the claims and defendants were not properly joined, this court severed his claims in

that original case into five cases, resulting in the creation of four new cases.[1]  (*See, e.g.*, Case

No. 7:22cv00699, Dkt. No. 1-2.)[2]  Three of the new cases are those listed above: Case Nos.

7:22cv00699, 00700, and 00701.

In two of the three cases resulting from severance, some or all of the defendants have

filed motions asking the court to revoke Shelton's *in forma pauperis* ("*ifp*") status and dismiss

the case.  (Dkt. No. 31; Case No. 7:22cv00701, Dkt. No. 26.)  In the third, the sole remaining

defendant is represented by different counsel and has instead filed a motion to dismiss for failure

to state a claim.  (*See generally* Case No. 7:22cv00700.)  In the original case, no defendant has

filed a motion to revoke *ifp* status, although there is a pending motion seeking denial of

plaintiff's motion to amend and dismissal of his claims for failure to state a claim.  (*See*

*generally* Case No. 7:22cv00289.)  The court sua sponte considers whether Shelton's *ifp* status

must be revoked in both the original case and the third severed case.

Under 28 U.S.C. § 1915(g), a prisoner-plaintiff who has had three or more prior actions

or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted

may not proceed with his suit unless he either prepays the entire filing fee or shows that he is

"under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In their motions,

defendants argue that Shelton had four prior actions dismissed for failure to state a claim, before

he filed the original case, Case No. 7:22cv00289.

Shelton has filed a response in opposition.  In it, he contends that he did not have three

prior strikes under § 1915(g) before March 30, 2021.  (*See generally* Resp., Dkt. No. 48.)  In

particular, he contends that at least two of the four prior dismissals identified by defendants do

---

[1] One of those, Case No. 7:22cv00698, has since been dismissed.

[2] Identical or virtually identical motions, responses, and replies have been filed in multiple cases.  Unless
otherwise indicated, docket references herein are to Case No. 7:22cv00699.

not count as strikes under § 1915(g).[3]  Like defendants' motion to revoke, his response does not

address whether he has adequately alleged imminent danger in any of these actions.  Defendants

have filed a reply.  (Dkt. No. 51.)

Having considered the arguments of the parties and the relevant records, the court

concludes that Shelton had at least three prior strikes before he filed the original complaint that

was later severed into the additional cases.  Moreover, the court concludes that none of these

complaints allege an imminent danger of any serious physical injury.  For these reasons,

discussed in more detail below, the court will revoke Shelton's *ifp* status in all four of these cases

and dismiss the cases in their entirety.  All other motions will be denied as moot.

## I.  DISCUSSION

### A.  Prior Cases

As noted, defendants argue that Shelton has four prior dismissals that count as strikes.

The court discusses each in turn.

First, in *Shelton v. Huffman*, No. 7:97cv00692 (W.D. Va. Nov. 24, 1997), the court

dismissed Shelton's § 1983 case without prejudice pursuant to 28 U.S.C. § 1915A(b)(1), which

requires dismissal of a complaint if it is "frivolous, malicious, or fails to state a claim upon

which relief may be granted."  (*See* Mem. Supp. Mot. Revoke, Ex. 1, Dkt. No. 32 (docket in

*Huffman*).)[4]  Shelton argues that this case should not count as a strike because he filed a consent-

to-fee form only after the case was dismissed, that form "was never executed," and the court

never ordered the Clerk to issue a consent to withholding form to any financial officer within the

---

[3]  In one place in Shelton's response, it appears that he is conceding that two of them may be strikes.
(Resp. 4, Dkt. No. 48 ("[T]wo (2) of the four cannot be used as a strike.").)  But he also discusses specifics about all
four prior cases, so the court will examine all four herein.

[4]  Defendants did not provide the dismissal opinion, which is not electronically available.  Instead, they
simply relied on the fact that the docket reflects dismissal under § 1915A(b)(1).  Because the court has found that
Shelton's other three prior cases are all valid strikes, it has not obtained a copy of this opinion from its archives and
makes no determination at this time as to whether it is a strike under § 1915(g).

Virginia Department of Corrections ("VDOC"). Based on this, Shelton claims that *ifp* status was not granted in that case and that the case cannot count as a strike under 28 U.S.C. § 1915(g). (Resp. 4.)

The second prior case is *Shelton v. Finkbeiner*, No. 7:03cv00123 (W.D. Va. Nov. 26, 2003), which was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). *See Finkbeiner*, No. 7:03cv00123, Dkt. Nos. 16, 17.[5] A subsequent motion to reconsider also was denied. As to this case, Shelton explains that the "consent to fee" was executed, but then he was released from prison. He claims that when he returned to prison years later, VDOC "would not have had financial records about that old filing fee." He thus describes it as "questionable" whether or not the case is a strike. (Resp. 4–5.)

Third, in *Shelton v. Iqbal*, No. 1:21cv00032 (E.D. Va. Aug. 27, 2021), the court also dismissed Shelton's § 1983 action pursuant to 28 U.S.C. § 1915A(b)(1). (*See* Mem. Supp. Mot. Revoke, Ex. 3 (Memorandum Opinion & Order in *Iqbal*). The Fourth Circuit affirmed. Shelton argues that this case should not count as a strike because he paid the full filing fee after the case was dismissed. (Resp. 48.)

Fourth, in *Shelton v. Walrath*, No. 1:19cv01596, (E.D. Va. July 8, 2021), the court dismissed Shelton's action with prejudice for failure to state a claim. *See* Case No. 7:22-cv-701, Dkt. No. 27, Ex. 4 (Memorandum Opinion & Order in *Walrath*). As to this case, Shelton states that he does not know if anything has been tendered toward the filing fee. He thus suggests that it cannot be known whether it should count as a strike or not.

As is evident from his arguments about each case, Shelton seems to believe that whether or not a case counts as a strike depends on whether *ifp* status was granted and whether a filing

---

[5] Defendants did not provide the dismissal opinion or order in this case, either, again simply relying on the fact that the docket reflects dismissal under § 1915A(b)(1). The court obtained copies from its order books, however, and the Clerk has now scanned and docketed them in the *Finkbeiner* case.

fee was fully paid in the case.  Put differently, he seems to believe that a prior case can count as a strike only if the plaintiff was proceeding *ifp* in that prior case or if he has an outstanding balance of the filing fee in that case.  Shelton is incorrect.

As the Third Circuit succinctly explained:

> Three of our sister courts of appeals have held that strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP.  *See Burghart v. Corr. Corp. of Am.,* 350 F. App'x 278, 279 (10th Cir. 2009); *Hyland v. Clinton,* 3 F. App'x 478, 479 (6th Cir. 2001); *Duvall v. Miller,* 122 F.3d 489, 490 (7th Cir. 1997). No court of appeals has held that strikes may only be accrued in IFP actions or appeals.[2]

*Byrd v. Shannon*, 715 F.3d 117, 122 (3d Cir. 2013).  After considering the text of the statute and finding it has a reasonably plain meaning, the *Byrd* Court summarized, "Thus, strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding *IFP*, and [plaintiff's] previous non-IFP actions, which were dismissed for failure to state a claim, count as strikes for purposes of § 1915(g)." *Id.* at 124.  The Ninth Circuit has since followed *Byrd*.  *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (noting that its conclusion was supported by *Byrd* and the three cases *Byrd* cited in the excerpt above, all of which held that "strikes under § 1915(g) may be accrued regardless of whether the prisoner has paid the filing fee or is proceeding *in forma pauperis*").

The court's research did not reveal any Fourth Circuit opinion on the issue, but at least one lower court within the Fourth Circuit has agreed with all the circuit authority above, explaining that it is thus "irrelevant whether [plaintiff] proceeded IFP during any of his prior litigation." *Bender v. United States*, No. 1:15CV96, 2017 WL 2494642, at *2 (N.D.W. Va. June 9, 2017).

Courts of appeals also have squarely held that an action can be a strike even if it is

dismissed before the *ifp* application is ever ruled on, such as was the case in Shelton's *Huffman* case. This is so because the action is "brought" within the meaning of § 1915(g) as soon as a plaintiff tenders or submits a complaint to the district court. *See, e.g.*, *Brown v. Sage*, 941 F.3d 655, 661 (3d Cir. 2019); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (noting that an action is "brought" for purposes of § 1915(g) when "he submits a complaint and request to proceed *in forma pauperis*," even if the court did not rule on the *ifp* request. The court agrees with the reasoning in *Brown* on that issue. Thus, it is irrelevant that any of Shelton's prior cases were dismissed before the *ifp* application was ruled upon.

Furthermore, the court has reviewed the three opinions in *Finkbeiner*, *Iqbal*, and *Walrath*, and it concludes that all three cases were dismissed, in the language of § 1915(g), as "frivolous, malicious, or [because they failed] to state a claim upon which relief may be granted." For these reasons, the court concludes that Shelton had three or more prior actions dismissed by August 21, 2021. That date was prior to his filing of the original complaint, which was ultimately severed into the other three cases listed on page one. That complaint, in Case No. 7:22-cv-00289, was received by the Clerk on June 6, 2022, and it was signed by Shelton on May 31, 2022, which is the earliest it could be deemed filed.

## B. Imminent Danger

Because Shelton has three strikes and because he did not pay the full filing fee at the time of filing of any of these cases, he is not entitled to proceed under § 1915(g) in any of them unless the complaint adequately alleges that he was in imminent danger of serious physical injury.[6]

Thus, the court must examine the allegations in each case to determine whether they alleged such imminent danger. In order to proceed under the imminent danger exception, a plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern

---

[6] Neither Shelton nor defendants in their briefing address this part of the § 1915(g) inquiry.

of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  The plaintiff must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).  "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g) . . . ." *Johnson*, 200 F. App'x at 272; *see also Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory").

Turning to the original case, the court discusses only the claims that remained in that case after severance of the other claims, as all other allegations related to other claims are addressed in discussing the three severed cases.[7]  The claims left in the original case in that case were a retaliation claim, a due process claim, and a "conspiracy claim,"  all of which focused on his placement and retention in the Restrictive Housing Unit ("RHU").[8]  None involved allegations of physical injury at all, let alone imminent danger of serious physical injury.

Similarly, in Case No. 7:22-cv-00699, Shelton alleged that there was a period of time when he was denied fifty-one showers because he transferred to a new facility and was not given access to a handicapped-accessible shower, although he should have been.  He also alleges a conspiracy among a number of defendants to deprive him of accessible showers from November

---

[7] The only allegations not covered by the court's discussion of the original and three severed cases herein are the allegations contained in the fourth severed case, *Shelton v. Ford*, 7:22cv00698.  After severance, Shelton declined to return his consent-to-fee in that case, and the court dismissed the case without prejudice.  Even considering those claims, though, the court reaches the same result.  That case  involved only claims related to a property interest in funds.  Specifically, he alleged that he was forced to enter into an agreement with VDOC that he would go into debt in order to receive loans to pay for legal mail and legal copies, and funds were taken from  his account after he received a stimulus check.  These allegations plainly did not include any allegation that Shelton was in imminent danger of serious physical injury.

[8] At some point, VDOC began using the term "Restorative Housing Unit."

2021 through March 2022.  His own allegations establish, however, that he was given

appropriate shower access at some point before filing his complaint.  Given that this issue had

been resolved before he filed his complaint, it is clear that he was not in imminent danger of

serious physical injury at the time he filed the complaint arising from these claims.  *See Johnson*,

200 F. App'x at 272.

In the second case, Case No. 7:22-cv-00700, Shelton's allegations are limited.  He states

that his physical therapist ordered in March 2022 that he be brought to medical twice a week for

sixty (60) days for physical therapy sessions, and he alleges that defendant King refused to

schedule those sessions, for more than a month.  The Fourth Circuit has recently held that a delay

in or denial of medical treatment can be the basis of a threat of serious physical injury, but only

where a plaintiff alleges that he or she has been continually denied necessary medical care and is

experiencing serious physical injuries or severe bodily harm.  *Hall v. United States*, 44 F.4th 218,

227 (4th Cir. 2022).  Shelton's allegations do not reach this threshold.

The original complaint lacked much detail at all about the consequences of the lack of

physical therapy.  In his amended complaint, he argued that the lack of physical therapy for

about forty-five days caused him to suffer from pain and swelling in his ankles, for which he was

prescribed medicine.  (Case No. 7:22-v-00700, Dkt. No. 7.)  He further states that, after filing a

written complaint, another staff member "confirmed that [he] was scheduled for the physical

therapy exercises."  (*Id.* at 2.)  Thus, before filing the original complaint in Case No. 7:22cv289,

which was signed on May 31, 2022, it appears that his physical therapy sessions had been

scheduled, if they had not started occurring.  This, too, cuts against any finding of imminent

danger of serious physical injury.

In the third case, Case No. 7:22-cv-00701, Shelton complains about injuries that he

sustained to his right foot after injuring it on the shelf located at the end of his bed.  He asked for

accommodations in the form of the removal from his bed of the steel plate and screws, but that request was denied, and he claims he was forced to sleep on the floor of his cell to avoid injury until April 2022. After complaining, he was moved to the medical center pending an interview to determine whether accommodations could be made for him. After he was told that nothing could be done about the shelf and it could not be removed, he refused to return to his cell and was therefore placed in the RHU. He explains that, because of the potential risk of re-injuring himself on the shelf, he elected to remain in the RHU. Like his other cases, these allegations do not allege any imminent danger of serious physical injury.

In short, his original complaint in Case No. 7:22cv00289, which was the basis for all of his severed complaints, did not sufficiently allege any future physical harm so as to meet his burden under § 1915(g). Because Shelton did not plead facts sufficient to satisfy the imminent danger exception, he was required to prepay the entire filing fee, which he did not do. It is thus plain that Shelton was improperly granted *ifp* status, and the court will revoke that status. *See Bismillah v. Mohr*, No. 3:16cv1374, 2018 WL 4573268, at *2 (N.D. Ohio Sept. 24, 2018) (noting that proceeding *ifp* "is a privilege, not a right" and revoking plaintiff's *ifp* status); *Owl Feather-Gorbey v. Crickard*, 0:20cv01116, 2021 WL 1811563, at *4 (D.S.C. May 6, 2021) (revoking *ifp* status where court later learned that plaintiff had accrued three strikes prior to filing); *Edwards v. Fuller*, 7:21cv00196, 2022 WL 1049330 (W.D. Va. Apr. 7, 2022) (same); *Holley v. Meredith*, No. 7:18-cv-00535, 2022 WL 329204 (W.D. Va. Feb. 3, 2022) (same).

## C. Dismissal, Rather than an Opportunity to Pay, Is Appropriate

The only remaining question is whether the revocation of Shelton's *ifp* status means that this case must be dismissed, or alternatively, whether Shelton should be given an opportunity to pay the remainder of the filing fee. Although the Fourth Circuit does not appear to have spoken directly on the issue, the Eleventh Circuit has squarely held that an opportunity to pay the fee is

9

not required.  For a litigant subject to § 1915(g)'s restrictions, the fee must be paid at the time the

suit is initiated.  *See Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).  The reasoning of

*Dupree* relied on the purpose of the PLRA, which it described as "curtail[ing] abusive prisoner

litigation."  284 F.3d at 1236.  And it cited to one of its prior decisions, which stated "that after

three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit."  *Id.*

(citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th  Cir. 2001) (emphasis in *Dupree*).

The *Dupree* court also cited to unpublished authority from the Sixth and Ninth Circuits that

followed a similar approach.  *Id.* (citing *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir.

2001); *McGee v. Myers*, 10 F. App'x 528, 529 (9th Cir. 2001)).

       Judges of this court, including the undersigned, have cited to *Dupree* and have dismissed

cases after finding that a plaintiff had three strikes and failed to allege imminent danger.  *See,*

*e.g.*, *Gorbey v. Felps*, No. 7:16cv00551, 2017 WL 1194719 (W.D. Va. Mar. 30, 2017)

(dismissing complaint without prejudice on the basis of *Dupree*); *Jones v. Rappahannock Reg'l*

*Jail*, No. 7:15-CV-00621, 2015 WL 7294542, at *1 (W.D. Va. Nov. 17, 2015) (same); *Edwards*,

2022 WL 1049330, at *2–3.  *But see Bismillah*, 2018 WL 4573268, at *1, *6 (allowing plaintiff

30 days following revocation of *ifp* status to pay full filing fee where defendants had requested

that he be required to pay the full filing fee or the case dismissed).  The court agrees with the

reasoning of *Dupree* and concludes that the court is not required to provide Shelton an

opportunity to pay the full filing fee.  Thus, the court will instead dismiss these cases without

prejudice.

### III. CONCLUSION

       As Shelton has three strikes and has neither prepaid the filing fee nor demonstrated that

he is "under imminent danger of serious physical injury," the court will dismiss each of these

actions without prejudice pursuant to 28 U.S.C. § 1915(g).  The Clerk will be directed to refund

to Shelton any and all payments that he has made toward the filing fee in these four cases.[9]  All

pending motions will be denied as moot.

      An appropriate order will be entered.

      Entered: May 3, 2023.


                        /s/ Elizabeth K. Dillon

                        Elizabeth K. Dillon
                        United States District Judge

---

[9] As of April 28, 2023, the Clerk has advised that no such payments have been received in any of these cases.  Nonetheless, out of an abundance of caution and to account for any payments that may be in transit, the court will include language about a refund in its order.