IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>DAVID ANDERSON, *et al.*,<br>    Defendants. | )<br>)<br>)  Civil Action No. 7:22cv00699<br>)<br>)  By: Elizabeth K. Dillon<br>)       United States District Judge<br>) |
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>C. KING,<br>    Defendant. | )<br>)<br>)  Civil Action No. 7:22cv00700<br>)<br>)  By: Elizabeth K. Dillon<br>)       United States District Judge<br>) |
| TYRONE SHELTON,<br>    Plaintiff,<br><br>v.<br><br>TRACY MATHENA, *et al.*,<br>    Defendants. | )<br>)<br>)  Civil Action No. 7:22cv00701<br>)<br>)  By: Elizabeth K. Dillon<br>)       United States District Judge<br>) |

**MEMORANDUM OPINION**

Plaintiff Tyrone Shelton, a Virginia prisoner proceeding *pro se*, filed a civil rights action containing multiple claims against multiple defendants. *Shelton v. Towler*, 7:22-cv-00289. Finding that the claims and defendants were not properly joined, this court severed his claims in that original case into five cases, resulting in the creation of four new cases, including the three listed above. (*See, e.g.*, Case No. 7:22cv00699, Dkt. No. 1-2.)[1]

By memorandum opinion and order entered on May 3, 2023, the court revoked Shelton's

---

[1] Identical or virtually identical motions, responses, and replies have been filed in multiple cases. Unless otherwise indicated, docket references herein are to Case No. 7:22cv00699.

*in forma pauperis* (*ifp*) status in these three cases and dismissed them. (Dkt. Nos. 54, 55.) In its opinion, the court explained that Shelton had had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he had neither prepaid the full filing fee nor shown he was "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

Shelton has now filed an identical motion to reconsider in each of these cases, (Dkt. No. 60), and defendants have responded (Dkt. Nos. 66, 67). For the reasons discussed herein, the court will deny the motions to reconsider.

I. DISCUSSION

Shelton states that he is seeking relief under Federal Rules of Civil Procedure 59 and 60. Because he timely filed within the timeframe permitted by Rule 59(e), the court treats his motion as being brought under that Rule. As the Fourth Circuit has explained, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Shelton relies on the third of these grounds for relief.

Shelton points to what he believes are several errors by the court. First, Shelton states that he sought to proceed, after filing his initial complaint, only on his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and not on his § 1983 claims premised on the Eighth and Fourteenth Amendments. (Mot. Recons. 3–4, Dkt. No. 60.) He seems to believe that if his complaint had contained only ADA claims, it would not have

2

been subject to the Prison Litigation Reform Act (PLRA) or the limitations in 28 U.S.C. § 1915(g). (*Id.* at 15–19.)

Shelton is incorrect. The text of § 1915(g) is not limited to cases challenging prison conditions. It states that a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section," if the prisoner has three prior strikes. 28 U.S.C. § 1915(g). Nothing in § 1915 limits it to suits about "prison conditions"; it addresses when "civil actions" may be brought *ifp*. The Fourth Circuit has explicitly noted the breadth of the provision: "Although . . . Congress primarily targeted prisoner civil rights cases in enacting the filing fee provision of the PLRA . . . the text of the Act is not limited to such actions. Instead, Congress chose to make this filing fee provision applicable to all 'civil action[s].'" *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000). *See also Hall v. United States*, 44 F.4th 218 (4th Cir. 2022) (applying three-strikes rule to lawsuit under Federal Tort Claims Act); *Meyers v. Comm'r of Social Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (applying three-strikes rule to a claim for backpay and benefits under the Social Security Act). Construing other portions of the PLRA, the Fourth Circuit also has found them applicable to a prisoner's ADA claim. *See, e.g., Fauconier v. Clarke*, 966 F.3d 265, 274 (4th Cir. 2020) (holding that the PLRA's exhaustion requirement is applicable to ADA claims brought by a prisoner). Based on the foregoing authority, the fact that the court never ruled on Shelton's motion to limit his claims to ADA claims—or even if he had originally filed only ADA claims—would not allow him to avoid the restrictions in § 1915(g).

Shelton also points out aspects of his allegations that he contends the court ignored or improperly found did not constitute an imminent danger. For example, he states that the court failed to consider his allegations that he might re-injure his foot on a shelf at the end of his bed. (Mot. Recons. 11–15.) The court's prior opinion noted, however, that Shelton declined to return

to general population from the medical unit after being denied a general population bed without a shelf and was instead housed in the Restorative Housing Unit, where his bed did not have a shelf. (Mem. Op. 8–9.) Thus, he was not at risk of physical injury at all from the bed shelf at the time he filed his complaint, let alone any serious physical injury.

Shelton further contends that the court failed to recognize that the denial of a handicapped shower for him, for a period of time, could support a risk of serious physical injury. (Mot. Recons. 6–11.) He points to specific provisions of the complaint to show that the court erred in stating that he had access to an ADA-accessible shower at the time filed his complaint. It is true that the court stated—apparently mistakenly—that the issues about the shower had resolved before Shelton filed his complaint.² Any such mistake, however, does not change the correctness of the court's ultimate ruling. As Dr. Mathena notes in his response to the motion for reconsideration, Shelton does not identify what injury he suffered previously using a non-ADA shower, or even that it was a *serious* physical injury. *Cf. Hall*, 44 F.4th at 266 (contrasting "temporary conditions that cause discomfort and pain and are unlikely to lead to impending death or other severe bodily harms" with "life-threatening medical issues and serious injuries") His complaint is thus lacking in sufficient information to support that he was subject to an imminent, serious physical injury from not using an ADA-accessible shower. Further, if he is relying on the *absence* of showers to show serious physical injury, his reliance is misplaced. It was Shelton's choice not to shower at all, rather than to have to shower in a non-ADA equipped shower.

Shelton also relies on his proposed amended complaints in the cases to establish that he sufficiently alleged imminent danger. As the court described in its memorandum opinion

---

² The original complaint states that the issue was resolved for a time, but other allegations—and his request for relief—suggested that, at the time of filing, he was once again being denied access to an ADA-compliant shower.

dismissing the case, however, the court examined the claims in the original complaint at the time it was filed, not after plaintiff has been given an opportunity to amend. (Mem. Op. 7–9, Dkt. No. 54.) It is at the time of filing that the case must be assessed for imminent danger.

If Shelton believes that a circumstance or incident that occurred *after* he filed his original lawsuit constituted an imminent danger of serious physical injury to him, and if he believes he is still at risk of an imminent danger of serious physical injury, he may file a new complaint setting forth those claims and circumstances. But using only the original complaint he filed, and for the reasons described in the court's opinion, the court finds no error in its conclusion that Shelton had not adequately pled imminent danger. (*See generally id.*)

## II. CONCLUSION

For the foregoing reasons, the motions to reconsider in each of these three cases will be denied.

An appropriate order will be entered.

Entered: July 13, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge